**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MATTHEW C. ZORN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action: 1:23-cv-02894 |
| | § | |
| UNITED STATES HEALTH AND HUMAN | § | |
| SERVICES | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

1.      This is a FOIA case.

2.      The "FOIA Request" at issue is HHS Request #2023-01171-FOIA-OS seeking "the letter from Asst. Sec. Rachel Levine to Administrator Anne Milgram recommending marijuana be rescheduled to III that is referenced here: https://www.bloomberg.com/news/articles/2023-08-30/hhs-calls-for-moving-marijuana-to-lower-risk-us-drug-category." (**Ex. A**)

3.      Plaintiff submitted the FOIA Request on August 30, 2023.

4.      HHS received the FOIA Request on August 30, 2023.

5.      HHS has not produced the requested record.

6.      HHS did not make a timely determination within 20 days.

7.      Plaintiff requested expedited treatment.

8.      HHS did not make a timely determination on expedited treatment.

9.      Plaintiff seeks Court order ordering HHS to produce the requested record to Plaintiff.

**PARTIES**

10.     Plaintiff **Matthew C. Zorn** is an attorney ([https://www.yettercoleman.com/our-people/matthew-c-zorn/](https://www.yettercoleman.com/our-people/matthew-c-zorn/)) and journalist who regularly publishes essays and articles on controlled substances on his newsletter ([http://ondrugs.substack.com](http://ondrugs.substack.com)).

11.     Defendant **HHS** is an agency within the meaning of 5 U.S.C. § 552(f) that has custody or control of the requested records. The U.S. Department of Health and Human Services may served at Freedom of Information Act Office, 200 Independence Avenue SW, Washington, D.C. 20201.

**JURISDICTION, VENUE, AND EXPEDITED CONSIDERATION**

12.     This action arises under the laws and Constitution of the United States. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

14.     Expedited consideration is warranted and requested under 28 U.S.C. § 1657.

**FACTS**

15.     On August 30, 2023, Bloomberg reported that "US health officials are recommending easing restrictions on marijuana, a move that sets the stage for potentially expanding the cannabis market across the country." (**Ex. B**)

16.     According to article, "[a] top official at the Department of Health and Human Services wrote Drug Enforcement Administration head Anne Milgram calling for marijuana to be reclassified as a Schedule III drug under the Controlled Substances Act, according to a letter dated Aug. 29 that was seen by Bloomberg News." (**Ex. B**)

17.     According to the article, "[a] DEA spokesperson confirmed the department had received the letter with HHS's recommendation." (**Ex. B**)

18.     Later in the day, at exactly 4:20 P.M., HHS Secretary Xavier Becerra shared that "following the data and science," HHS provided a scheduling recommendation to DEA:



19.     The same day, August 30, 2023, Plaintiff filed the FOIA Request, i.e., the letter "that was seen by Bloomberg News," through HHS's online FOIA portal at https://requests.publiclink.hhs.gov/App/PalLogin.aspx. (**Ex. A**)

20.     That afternoon, HHS received Plaintiff's request and assigned it Request #2023-01171-FOIA-OS. (**Ex. C**)

21.     As of the date of this Complaint's filing, HHS has not made a determination whether to comply with the FOIA Request. Indeed, it has provided no response at all.

22.     The record requested in the FOIA Request has become an item of public interest:

a.  Many news stories have been written about the recommendation.[1]

b.  Many opinion/expert pieces have been written about the recommendation.[2]

c.  Following the August 30, 2023 announcement, Senate Leader Schumer "released the following statement on the Department of Health and Human Services (HHS) recommendation to the Drug Enforcement Agency (DEA) to move marijuana from a Schedule I to a Schedule III controlled substance": "HHS has done the right thing and DEA should now quickly follow through on this important step to greatly reduce the harm caused by draconian marijuana laws…"[3]

d.  14 lawmakers wrote to DEA urging it to reject any attempt to reschedule marijuana, claiming that it is "irresponsible" for HHS to recommend rescheduling and that rescheduling should be based on "facts and science."[4]

e.  Governor Polis wrote to President Biden praising the "evidence based" recommendation.[5]

---

[1]    *E.g.*,    https://www.politico.com/news/2023/08/30/marijuana-review-move-to-schedule-iii-00113493, https://www.cnn.com/2023/08/30/health/marijuana-schedule-hhs-dea/index.html, https://www.nbcnews.com/politics/politics-news/us-health-agency-recommends-easing-federal-marijuana-restrictions-rcna102642,    https://www.washingtonpost.com/health/2023/08/30/hhs-recommends-marijuana-reclassified/

[2] *E.g.*, https://foleyhoag.com/news-and-insights/publications/alerts-and-updates/2023/august/the-cannabis-rescheduling-recommendation-what-it-means-and-whats-next/.

[3]    https://www.democrats.senate.gov/newsroom/press-releases/majority-leader-schumer-statement-on-the-biden-administration-recommendation-to-reschedule-cannabis

[4] https://twitter.com/SenatorLankford/status/1701689333554577861/photo/1

[5] https://drive.google.com/file/d/1pHf7hnCihFDamENlV97DY7ps-iOx3mst/view

f. Two senators recently filed a bill entitled the "Deferring Executive Authority Act" or "DEA Act."[6]

g. The Congressional Research Service recently wrote an Insight piece discussing the implications of rescheduling, linking to news articles.[7]

23.   And yet, it is unclear whether all these people writing, commenting, investing, bloviating, legislation, or opining on the recommendation have ever seen the document. It appears the remarks are based on bona fide hearsay. While Bloomberg saw the recommendation and the HHS Secretary highly touted it on X (f/k/a Twitter) at 4:20, to Plaintiff's knowledge, the Biden Administration has withheld the actual letter and recommendation from the public.

### CLAIM

### FIRST CAUSE OF ACTION
### (FOIA)

24.   Plaintiff incorporates the previously alleged paragraphs by reference.

25.   Defendant has improperly withheld agency records from Plaintiff.

26.   Because Defendant did not respond within 20 working days, remedies are deemed exhausted. 5 U.S.C. § 552(a)(6)(C)(i). *Citizens for Resp. & Ethics in Washington v. FEC*, 711 F.3d 180, 185 (D.C. Cir. 2013).

27.   Neither has Defendant complied with time limits on expedited processing.

28.   The agency cannot show exceptional circumstances or due diligence in responding to the FOIA Request.

29.   There is no conceivable basis to withhold the letter and recommendation from the public. A record containing a recommendation to reschedule marijuana first leaked to the press and then touted by the HHS Secretary at 4:20 at X (f/k/a Twitter) can't possibly be FOIA exempt.

---

[6] https://www.lummis.senate.gov/wp-content/uploads/SIL23A511-1.pdf

[7] https://crsreports.congress.gov/product/pdf/IN/IN12240

*See, e.g.*, *Davis v. DOJ*, 968 F.2d 1276, 1279 (D.C. Cir. 1992). Also, a letter requesting DEA initiate rulemaking under 21 U.S.C. § 811(a) and a medical/scientific under § 811(b) is not preliminary, but HHS's final decision to recommend rescheduling. *See United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785-88 (2021). Rather, it communicates to HHS's final view on the matter and binds DEA on scientific and medical matters.

30.     Upon production of the document to Plaintiff, Plaintiff intends to post it on the internet for free at http://ondrugs.substack.com.

**PRAYER FOR RELIEF**

For these reasons, Plaintiff respectfully requests the Court:

1.  Expedite this action under 28 U.S.C. § 1657;

2.  Direct Defendant to immediately produce the requested record or in any event, promptly;

3.  Award any attorney fees under 5 U.S.C. § 552 justified by law; and

4.  Order all other relief deemed just and proper.


Dated: September 29, 2023                    Respectfully submitted,


                                             */s/ Matthew C. Zorn*
                                             Matthew C. Zorn
                                             mzorn@yettercoleman.com
                                             811 Main Street, Suite 4100
                                             Houston, TX 77002
                                             T: (713) 632-8000
                                             F: (713) 632-8002