**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MATTHEW C. ZORN | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action 1:23-cv-02894 |
| v. | § | |
| | § | **ORAL HEARING REQUESTED** |
| UNITED STATES HEALTH AND HUMAN SERVICES | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF MATTHEW C. ZORN'S MOTION FOR SUMMARY JUDGMENT**

### INTRODUCTION AND SUMMARY OF ARGUMENT

This is a FOIA case about a single letter and enclosure.

On August 30, 2023, Bloomberg published an article entitled "US health officials are recommending easing restrictions on marijuana, a move that sets the stage for potentially expanding the cannabis market across the country." In that article, Bloomberg wrote that "[a] top official at the Department of Health and Human Services wrote Drug Enforcement Administration head Anne Milgram calling for marijuana to be reclassified as a Schedule III drug under the Controlled Substances Act, according to a letter dated Aug. 29 that was seen by Bloomberg News."

Hours later, at 4:20 P.M., the HHS Secretary broadcast the transmission of the recommendation on social media.



I submitted a FOIA seeking the letter and recommendation. Within 20 days, HHS did not provide a determination. So, I sued. Hence, this case.

Meanwhile, HHS produced a heavily redacted letter to other FOIA requestors and has withheld the "Enclosure" under Exemption (b)(5).



The Court should grant summary judgment and order the agency to produce the letter/recommendation without redactions for two reasons.

**First**, because the agency did not respond within 20-days, remedies are exhausted.

**Second**, the deliberative process exemption does not apply because the record is a final HHS opinion that carries the force of law. Also, when HHS leaked a copy of the letter to Bloomberg, it waived the exemption. Alternatively, if there is a fact dispute on how Bloomberg got a copy of the recommendation, the Court should order a 2-hour remote 30(b)(6) deposition of Defendant HHS to determine whether HHS leaked the letter to Bloomberg.

**STATEMENT OF UNDISPUTED FACTS**

1.      I'm an attorney. *See* https://www.yettercoleman.com/our-people/matthew-c-zorn/.

2.      I'm also a journalist, at times. I am a proprietor of an online newsletter entitled "On Drugs." https://ondrugs.substack.com/. I regularly publish essays and articles on controlled substances. I have written extensively on rescheduling. My work is often covered in the media.

3.      Defendant HHS is an agency within the meaning of 5 U.S.C. § 552(f). It has custody or control of the requested records.

4. On August 30, 2023, Bloomberg reported that "US health officials are recommending easing restrictions on marijuana, a move that sets the stage for potentially expanding the cannabis market across the country." Dkt. 2, Ex. B.

5. According to article, "[a] top official at the Department of Health and Human Services wrote Drug Enforcement Administration head Anne Milgram calling for marijuana to be reclassified as a Schedule III drug under the Controlled Substances Act, according to a letter dated Aug. 29 that was seen by Bloomberg News." *Id.*

6. According to the article, "[a] DEA spokesperson confirmed the department had received the letter with HHS's recommendation." *Id.*

7. Hours later, at exactly 4:20 P.M., HHS Secretary Xavier Becerra shared that "following the data and science," HHS provided a scheduling recommendation to DEA. *See* https://twitter.com/SecBecerra/status/1696981120280084617.

8. The same day, August 30, I filed a FOIA Request for the letter "that was seen by Bloomberg News," through HHS's online FOIA portal at https://requests.publiclink.hhs.gov/App/PalLogin.aspx. Dkt. 2, Ex. A.

9. That afternoon, HHS received my request and assigned it Request #2023-01171-FOIA-OS. Dkt. 2, Ex. C.

10. HHS did not issue a determination within the statutory time limit.

11. I mailed out the summons on October 4, 2023. Defendant has not answered.[1]

---

[1] Technically, Defendant's answer may be overdue. Service made by mail is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). *See also* Ex. 3 (proof of service). In FOIA cases, an agency must answer must within 30 days after service. 5 U.S.C. § 552(a)(4)(C). The Federal Rules grant an extra 3 days for mail service. Fed. R. Civ. P. 6(d).

12.    Since then, however, HHS has produced a redacted letter to other requestors, and asserts FOIA exemption (b)(5) as a basis to redact the record and withhold the enclosure. Ex. 1.

## LEGAL STANDARDS

**FOIA generally.** Congress enacted the FOIA as a means "to open agency action to the light of public scrutiny," *ACLU v. DOJ*, 750 F.3d 927, 929 (D.C. Cir.2014) (quotation omitted), and "to promote the broad disclosure of Government records by generally requiring federal agencies to make their records available to the public on request," *DiBacco v. U.S. Army*, 795 F.3d 178, 183 (D.C.Cir.2015) (quotation omitted). "[T]he basic objective of the Act is disclosure." *Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979).

**Summary judgment.** Summary judgment is proper when there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a). A party may file a motion for summary judgment at any time until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). Where a party fails to make a showing sufficient to establish the existence of an essential element to that party's action, summary judgment shall be granted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Exemptions.** Exemptions must be narrowly construed, *Milner v. U.S. Dep't of Navy*, 562 U.S. 562, 565 (2011). *See also DOJ v. Tax Analysts*, 492 U.S. 136, 151 (1989) (exemptions are "given a narrow compass."). The burden is on the agency to establish application of an exemption. *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 352 (1979).

**Relief.** This Court has jurisdiction to order the production of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B).

## STATEMENTS OF POINTS AND AUTHORITIES

**I.    Because HHS Did Not Timely Respond, Exhaustion is Excused.**

Defendant did not respond within 20 working days. Under 5 U.S.C. § 552(a)(6)(C)(i), so remedies are deemed exhausted. *CREW v. FEC*, 711 F.3d 180, 185 (D.C. Cir. 2013).

## II.     Exemption (b)(5) Does Not Apply.

FOIA Exemption 5 shields "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" from disclosure. 5 U.S.C. § 552(b)(5). This exemption includes the so-called "deliberative process privilege," which shields "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975).

For two independent reasons, it cannot not apply here.

1. The letter/recommendation to DEA is not preliminary/interlocutory. Rather, as it states on its face, it is a final letter/recommendation decision by HHS per the Controlled Substances Act, which recommendation has the force of law.

2. A record leaked to the press and then touted by the HHS Secretary waives any exemption the agency might otherwise be able to claim.

Each argument is discussed in turn.

### 1.     A Final Medical/Scientific Evaluation from HHS to DEA Is a Final Agency Decision That Would Be Available by Law.

The record at issue—HHS's medical/scientific evaluation and recommendation—is described by the Controlled Substances Act, 21 U.S.C. § 811(b), (c) as a document that binds DEA that has the force of law, is a decision that is part of the administrative record, and is routinely made available to the public by DEA.

Under 21 U.S.C. § 811(a), "[r]ules of the Attorney General under this subsection shall be made on the record after opportunity for a hearing pursuant to the rulemaking procedures prescribed by subchapter II of chapter 5 of title 5." Proceedings for the issuance, amendment, or repeal of such rules may be initiated by the DEA Administrator (1) on her own motion, (2) at the request of the Secretary, or (3) on the petition of any interested party. *Id.* Before initiating rulemaking, however, DEA must request "a scientific and medical evaluation, and his

recommendations, as to whether such drug or other substance should be so controlled or removed as a controlled substance" from HHS. 21 U.S.C. § 811(b). This HHS recommendation "shall be binding" on "scientific and medical matters" and if HHS "recommends that a drug or other substance not be controlled, the Attorney General shall not control the drug or other substance."

In *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785-88 (2021), the Supreme Court addressed a somewhat similar schema. "When an agency plans to undertake action that might 'adversely affect' a protected species, the agency must consult with the U.S. Fish and Wildlife Service (FWS) and National Marine Fisheries Service (NMFS) (together, 'Services') before proceeding." *Id.* at 784. In the case, the Services provided EPA with *draft* biological opinions during the consultation process on December 6, 2013, and *final* opinions by December 20, 2013. *Id.* at 784. Sierra Club filed FOIAs seeking consultation documents. *Id.* at 784-85. The Services turned over thousands of documents but withheld the *draft* biological opinions. *Id.* at 785.

The Court explained that the deliberative process privilege shielded the *draft* opinions. It also opined, however, that the privilege cannot apply "to documents that embody a final decision." *Id.* "[O]nce a decision has been made, the deliberations are done." *Id.* at 786. Thus, had the drafts at issue in *Sierra Club* reflected a final decision—and not a preliminary view—the result would have necessarily been different. *Id.* at 786-88.

Which is this case. A document is pre-decisional if it was "generated *before* the agency's final decision on the matter[.]" *Id.* at 786. Here, the Assistant HHS Secretary sent to the DEA Administrator a document that does not reflect a preliminary view. Rather, as the facts and statute show, it is a *final* HHS recommendation/evaluation decision under the statute, *after* HHS had "formulate[d] its position on the matter," *id.* at 786, that carries the force of law under 21 U.S.C. § 811. Accordingly, it cannot be withheld under exemption 5. *See also Tax'n With Representation*

*Fund v. I. R. S.*, 646 F.2d 666, 677 (D.C. Cir. 1981) ("Exemption 5 does not apply to final agency actions that constitute statements of policy or final opinions that have the force of law").

Underscoring the point, neither is the evaluation and recommendation a document that is "available by law to a party" to a party in litigation against the agency. 5 U.S.C. § 552(b)(5). The HHS recommendation under 21 U.S.C. §§ 811(b), (c) is part of an administrative record that is made available to the public. DEA routinely discloses them in actions and rulemakings as a matter of course in the Federal Register and regulations.gov, such as the letter below (Ex. 2) which is available at https://www.regulations.gov/docket/DEA-2021-0025/document:



DEA has published scores of these letters/recommendations, sometimes even when DEA does ***not*** propose a rule or initiate rulemaking. *E.g.*, 81 Fed. Reg. 53,688 (2016) (denying rescheduling petition but disclosing HHS letter/recommendation). Other examples abound.[2]

---

[2]    *See also, e.g.*, https://www.regulations.gov/docket/DEA-2022-0001/document (disclosing HHS evaluation/recommendations for five tryptamines); https://www.regulations.gov/docket/DEA-2020-0003/document (disclosing HHS evaluation/recommendation for placement of lasmiditan in Schedule V); https://www.regulations.gov/docket/DEA-2013-0010/document (disclosing HHS evaluation/recommendation for placement of tramadol in Schedule IV).

### 2.    A Leaked Document Waives Deliberative Process Privilege

Like all privileges, exemption (b)(5) can be waived through voluntary disclosure. *See In re Sealed Case*, 121 F.3d 729, 741–42 (D.C. Cir. 1997) (White House waived claims of privilege in specific documents that it "voluntarily revealed to third parties outside the White House").

Here, someone at HHS voluntarily revealed the document to Bloomberg. Bloomberg then published an article touting the document's bottom-line conclusion of the document it saw but did not disclose the document itself.

There is no evidence Bloomberg reporters accessed the document through improper means. Instead, hours later, the HHS Secretary sent out a message over X (f/k/a Twitter) touting the recommendation that Bloomberg had just published. The confirmation set-off a media frenzy and prompted numerous reactions on Capitol Hill. Indeed, legislators have acted to block the supposed recommendation from taking place, underscoring the urgency and need for disclosure to inform the public discourse.

These circumstances preclude application of exemption (b)(5). While it is true that "[a] leaked document that the agency steadfastly refuses to authenticate does not explode privilege because it does not qualify as an official agency acknowledgment." *Energy Pol'y Advocs. v. Dep't of State*, 2023 WL 4198200, at *6 (D.D.C. June 27, 2023), here, the HHS Secretary did precisely the opposite. The Cabinet head acknowledged the leaked document at exactly 4:20 the day the story published. So, not only did the agency leak the document, it exploited used substance of the documents "in its dealings with the public." *E.g.*, *NRDC v. DOD*, 442 F. Supp. 2d 857, 866 (C.D. Cal. 2006) (quoting *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C. Cir. 1980)).[3]

---

[3]    To the extent the Government contends that the leak to Bloomberg was "inadvertent" or "unauthorized," the Court should order a 2-hour 30(b)(6) deposition of Defendant or that Defendant be ordered to explain how Bloomberg got a copy of the letter/recommendation. This is not a case where there are "other potential sources for the information contained in the article." *Freedom Watch, Inc. v. NSA*, 49

## CONCLUSION

For these reasons, Plaintiff requests the Court grant summary judgment and order Defendant to produce the requested record to Plaintiff within 7 days of its order. Alternatively, Plaintiff requests a 2-hour deposition of HHS to determine the provenance of the leak.

Dated: November 9, 2023                                        Respectfully submitted,

                                                               */s/ Matthew C. Zorn*
                                                               Matthew C. Zorn
                                                               mzorn@yettercoleman.com
                                                               811 Main Street, Suite 4100
                                                               Houston, TX 77002
                                                               T: (713) 632-8000
                                                               F: (713) 632-8002

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.
                                                               */s/ Matthew C. Zorn*
                                                               Matthew C. Zorn

---

F. Supp. 3d 1, 3 (D.D.C. 2014), *aff'd and remanded*, 783 F.3d 1340 (D.C. Cir. 2015). The only reasonable inference under the circumstances is that someone from HHS provided Bloomberg the document.