UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW C. ZORN,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Defendant. | Civil Action No. 23-2894 (RC) |

**REPLY IN FURTHER SUPPORT OF MOTION TO VACATE DEFENDANT'S DECEMBER 12, 2023, DEADLINE TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S REQUEST TO EXPEDITE DETERMINATION UNDER 28 U.S.C. § 1657**

Defendant U.S. Department of Health and Human Services (the "Department") respectfully submits this combined reply in further support of its motion to vacate its December 12, 2023, deadline to file a response to plaintiff Matthew C. Zorn's motion for summary judgment, ECF No. 4, and response to Zorn's request to expedite determination under 28 U.S.C. § 1657. In the alternative to vacating its December 12, 2023, deadline, the Department now asks that the Court extend its time to January 18, 2024, to file its combined opposition and cross-motion for summary judgment.

The Department acted expeditiously in re-reviewing its withholdings from the requested letter and processing the letter's three enclosures, which consist of approximately 254 pages. On December 7, 2023, approximately three weeks after timely filing its answer,[1] the Department

---

[1] Zorn relies on Federal Rule of Civil Procedure ("Rule") 5(b)(2)(C) in incorrectly asserting that the Department did not timely file its answer. *See* ECF No. 9, Opp'n at 3-4 (citing ECF No. 4, Pl. Mot. for Summ. J. at 4 n.1 (citing Fed. R. Civ. P. 5(b)(2)(C)). Rule 4(i) addresses service of the summons and complaint on the United States and federal agencies and service of a summons and complaint by certified mail is not complete until delivery to a civil process clerk. *See Fuqua*

produced these records to Zorn. On December 8, 2023, government counsel emailed Zorn to ask whether he had any questions or follow-up requests and whether he might be amenable to withdrawing his motion for summary judgment or had any modifications to his challenges in light of that production. That is, the Department proactively released additional information and then began trying to resolve this case without the Court's further involvement, which is consistent with how Freedom of Information Act ("FOIA") cases are typically handled in this district.

Significantly, Zorn's opposition advances new arguments for disclosure that are not in his motion for summary judgment, such as his "secret law" argument, Opp'n at 19-20, 22-23, and his arguments relating to section 201(d) of the Controlled Substances Act, *id.* at 13-16. *See generally* Pl. Mot. for Summ J.

The Department has advised that Zorn's arguments raise substantive and complicated issues about the process and legal standard at issue in the government's deliberations regarding marijuana scheduling, as well as the assertion of the deliberative process privilege more broadly, and that multiple offices need to weigh in on these issues. The Department therefore respectfully requests that the Court afford it additional time to review and respond to these arguments.

As for Zorn's request to expedite determination, "District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019) (citing *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1210 (D.C. Cir. 2003)). Although Congress "encourages priority for FOIA cases, which make up much of this Court's docket," *Comm. on Ways & Means, U.S. House of Representatives v. Dep't of Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019) (citation

---

*v. Turner*, 996 F.3d 1140, 1155 (11th Cir. 2021) (service by certified mail is not complete until it is received). According to the records of the United States Attorney's Office, a Civil Division process clerk received a copy of Zorn's summons and complaint on October 16, 2023.

omitted), the primary reasons Zorn offers for an expedited determination are, essentially, that the Department's positions are incorrect.  *See* Opp'n at 23-24.

As for the frenzy sparked by the Bloomberg "leak" story, *see*, *e.g.*, Opp'n at 8-9, 19, that is more reason, not less, to protect the government's ongoing decision-making process.  "The [deliberative process] privilege . . . shields 'policymakers from premature disclosure of their proposals before they have been completed or adopted[,]' promoting full and robust consideration of agency options."  *Campaign Legal Ctr. v. Dep't of Just.*, 34 F.4th 14, 23 (D.C. Cir. 2022) (quoting *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 361 (D.C. Cir. 2021)).  "And it protects the public from being misled by 'documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.'"  *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).  "Ultimately, the privilege is designed to improve governmental decisionmaking by encouraging public servants to speak candidly with one another and to fully flesh out the reasons for and against potential agency actions before they are taken."  *Id.*

Despite Zorn's opinion to the contrary, this case does not merit an expedited determination.  Further, the additional time that the Department requests will not have a significant impact on the time it will take to resolve this case.  Thus, the Court should deny Zorn's request for an expedited determination.

\* \* \*

Dated: December 15, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ *Marsha W. Yee*
    MARSHA W. YEE
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    Telephone: (202) 252-2539
    Email: Marsha.Yee@usdoj.gov

*Attorneys for the United States of America*